

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
ATTORNEY GENERAL

Honorable James E. Kilday, Director
Motor Transportation Division
Railroad Commission of Texas
Austin, Texas

Dear Sir:

Opinion No. O-4317
Re: Whether the subject associa-
tion may operate in the
manner described without
authority from the Railroad
Commission.

Your letter of January 12, 1942, requests a legal opinion from this department and incorporates the following statement as the factual basis therefor:

"Clinton Park is a defense negro residential addition, one mile from the city limits of Houston, Texas, and consists of 500 homes on 206 acres of land. The families of these residents have no means of transportation to Houston except by use of their limited number of automobiles or a Galena Park Bus which passes by said addition, but not through or into same. The owner of the Galena Park Bus has offered to provide said transportation at the rate of 25¢ per ride per person. The residents of this community cannot afford this high rate of traffic and have banded together in forming a non-profit organization called the Clinton Park Bus Assn; have purchased a bus with a seating capacity of 39 persons and are enlisting memberships into this club. Members are to consist exclusively of the residents of Clinton Park Addition and no one can ride on this bus but members of this club and their guests. There is to be no fee or fare charged or collected for the use of this bus. Membership fee in said club is to be $1.00 per month per family, and this $1.00 per month is to be used in paying for the bus, gas, oil, and maintenance and operation. There are to be no profits or dividends distributed and this service shall not be open to the public but is to be specifically limited to the exclusive use of the members of this club and their guests and the club membership is to be limited to the residents of this negro addition.

"The above-mentioned bus is not a bus for hire; identification to ride will have to be established, and the membership fee of $1.00 per month shall not limit the number of rides a member or his family will or can make. The bus will only carry the members through the addition to the closest bus line in the city of Houston and vice versa and no farther. The members of the club are merely attempting to provide the residents with the accomodation of transportation to and from the addition to a Houston Common Carrier and are not attempting to establish a bus service for profit or for hire.

"Each member has individually signed the promisory note on the purchase of their bus and are proportionately liable on same. This is strictly a community arrangement."

The question asked is whether this association may operate in the manner described without first having obtained from the Railroad Commission a Certificate of Public Convenience and Necessity pursuant to the provisions of Article 911a, Vernon's Annotated Civil Statutes.

Subsection (c), Section 1, Article 911a, reads in part as follows:

"The term 'motor bus company' when used in this act * * * means every corporation or persons as herein defined * * * owning, controlling, operating or managing any motor propelled passenger vehicle, not usually operated on or over rails, and engaged in the business of transporting persons for compensation or hire over the public highways within the State of Texas, whether operating over fixed routes or fixed schedules or otherwise * * *." (Underscoring ours)

Section 5 of 911a provides as follows:

"No motor-bus company shall hereafter regularly operate for the transportation of persons as passengers for compensation or hire over the public highways of this state without first having obtained from the commission under the provisions of this Act * * * a certificate or permit declaring that the public convenience and necessity require such operation. * * *."

In our opinion the operations of the Clinton Park Bus Association as above described would not constitute "the business of transporting persons for compensation or hire." The association would therefore not be required to obtain authority from the Railroad Commission.

May we emphasize, however, that our opinion is strictly limited to the fact situation as defined. An arrangement of this nature easily adapts itself to subterfuge and changes in certain essential features of the operation would render the Association amenable to the requirements of Article 911a.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Zollie C. Steakley
Zollie C. Steakley
Assistant

APPROVED JAN 30, 1942

/s/ Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL

ZCS:ej:ds

APPROVED OPINION
COMMITTEE
BY /s/ B.W.B.
CHAIRMAN